UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RICHARD M. TORRES (CDCR # J-52559),<br><br>Petitioner,<br><br>v.<br><br>W. L. MUNIZ,<br><br>Respondent. | Case No. 16-cv-02960-LB<br><br>**ORDER OF DISMISSAL**<br>[Re: ECF No. 1, 4 ] |

Richard M. Torres, a prisoner housed at the Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 2.)[1] His petition for writ of habeas corpus is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Torres' petition and attachments provide the following information: On July 23, 2013, Mr. Torres was issued a rule violation report, charging him with "willfully delaying peace officer (i.e., participation in a mass hunger strike)." (ECF No. 1 at 7.) He was found guilty of the disciplinary offense. As a result of the guilty finding, he was assessed a 61-day credit forfeiture and was

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

"denied 7 years to advance next parole-suitability hearing."[2] (*Id.*at 8.) Mr. Torres asserts a due process claim that the evidence was insufficient to support the disciplinary decision. Mr. Torres states that he filed unsuccessful petitions for writ of habeas corpus in the state courts before filing this action. (*Id.* at 7.)

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

This action must be dismissed because a recent case from the Ninth Circuit has made it clear that federal habeas relief is not available for a life prisoner challenging a prison disciplinary decision that has resulted in the loss of time credits. *See Nettles v. Grounds*, No. 12-16935, slip op. at 17 (9th Cir. July 26, 2016). *Nettles* held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than a habeas action. *Id.*at 17, 24.

Because Mr. Torres is serving an indeterminate life term, success on his claim will not necessarily lead to immediate or speedier release from custody. That is, if he prevails on his claim

---

[2] The alleged seven-year denial is explained in the "Petition To Advance Decision Form" attached to the habeas petition. (ECF No. 1 at 28.) At Mr. Torres' most recent parole-suitability hearing, on February 8, 2011, the Board of Parole Hearings (BPH) found Mr. Torres not suitable for parole, and determined that his next parole-suitability hearing would be held in ten years. Thereafter, Mr. Torres petitioned to advance his next parole-suitability hearing. The BPH board "approved" the petition, and advanced the next parole-suitability hearing to seven, rather than ten years, after his last parole-suitability hearing. (ECF No. 1 at 28.) Mr. Torres' habeas petition in this action appears to be contending that the BPH would have set his next parole-suitability hearing in less than seven years but for the disciplinary decision against him.

Although Mr. Torres does not identify his prison sentence in his petition, the fact that Mr. Torres is subject to parole-suitability hearings shows that he is a prisoner with an indeterminate life sentence, e.g., 15-to-life or 25-to-life.

that the evidence was insufficient to support the disciplinary decision and has the forfeited time credits restored, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. He must be found suitable for parole before his parole date will be set, and his time credits will not be a factor in determining that date. *See Nettles*, slip op. at 5 n.1. Similarly, if he prevails on his claim that the evidence was insufficient to support the disciplinary decision and that somehow leads to his next parole-suitability hearing being advanced to a date sooner than the currently-set seven years after the last parole-suitability hearing, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. Under *Nettles*, Mr. Torres' only potential recourse in federal court is to file a section 1983 complaint.

In an appropriate case, a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see Nettles*, slip op. at 27. Although the court may construe a habeas petition as a civil rights complaint, it is not required to do so. Since the time when *Wilwording* was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, the fee is now $400 (with $50 of that fee reduced if the prisoner is allowed to proceed *in forma pauperis*. Under the Prisoner Litigation Reform Act the prisoner is required to pay the fee, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Two other considerations militate against this court construing Mr. Torres' petition as a section 1983 complaint. First, before filing a section 1983 complaint, a prisoner-plaintiff must exhaust his claims administratively through his prison's grievance system. 42 U.S.C. § 1997e(a). An unexhausted section 1983 complaint must be dismissed, *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006), therefore this court may not stay the current action to allow petitioner to

3

1  exhaust. Second, the petition is not amenable to conversion because it does not name the proper
2  defendant. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005); *see also Nettles*, slip op. at 27.
3      In view of these potential pitfalls for petitioner if the court were to construe the petition as a
4  civil rights complaint, this action is DISMISSED without prejudice to petitioner filing a section
5  1983 action asserting his due process claim. This court is not making a decision on the ultimate
6  merit of Mr. Torres' claim, but only determining that he has filed the wrong sort of case in which
7  to assert it.
8      The petitioner's *in forma pauperis* application is GRANTED. (ECF No. 4.)
9      The clerk shall close the file.
10 **IT IS SO ORDERED.**
11 Dated: August 31, 2016

                    LAUREL BEELER
                    United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. L. MUNIZ,<br><br>　　　　Defendant. | Case No.  3:16-cv-02960-LB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 1, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard M. Torres ID: J-52559
Salinas Valley State Prison B-4-104
PO Box 1050
Soledad, CA 93960


Dated: September 1, 2016

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By: /s/ L. Scott
　　　　　　　　　　　　　　　　　　Lashanda Scott, Deputy Clerk to the
　                                  Honorable LAUREL BEELER